**UNITED STATES DISTRICT COURT**
DISTRICT OF MARYLAND

FREDERIC N. SMALKIN
CHIEF JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-3840

January 17, 2002

TO COUNSEL OF RECORD

    Re:  The Talaria Company, LLC, et al.
        v. Well Found Yachts
        Civil No. S 01-3720

Dear Counsel:

    Enclosed please find an Initial Scheduling Order which has been entered in the above captioned case.

    I specifically call your attention to paragraph IV's discussion of summary judgment motions.

    I also draw your attention to paragraph VI of the Order which provides that "no changes in the schedule set forth herein will be permitted, unless authorized by the Court for good cause shown." Counsel should confer immediately and advise me in writing within ten days of any modifications which they believe should be made to the Order. Such advice need not be in motion format. I will review the request and, unless I believe that the Order should remain as it is, either modify the schedule or set a scheduling conference.

    If counsel do not make such a request within ten days, the schedule as set in the Order will be firm and modifications will be made only if reasonably unforeseeable events should intervene. Counsel should advise me immediately of the occurrence of any such events, by appropriate motion. I try to rule upon pending motions as promptly as I can. If within thirty days of the deadline for the filing of the reply memorandum (if no hearing is set) or within thirty days of a hearing I have not sent you a ruling, you should feel free to contact my chambers to ascertain the status of the motion. I will take no offense at such a call. To the contrary I would welcome it as a means to assure that the motion will receive prompt attention.

                Very truly yours,

                Frederic N. Smalkin
                Chief U.S. District Judge

Enclosure

cc  Addressees
    Court File - Original

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


THE TALARIA COMPANY, LLC  :
KING MARINE IMAGING LLC
                          :
  v.                            CIVIL NO. S 01-3720
                          :
WELL FOUND YACHTS
                          :

## SCHEDULING ORDER

### I. DISCOVERY

   This case is, by this Order, exempted from the disclosure provisions of Fed. R. Civ. P. 26(a)(1-4) and from the formal conferencing provisions of Fed. R. Civ. P. 26(d)(1st sentence) and (f).

   Discovery pursuant to Fed. R. Civ. P. 26(b) shall begin immediately.

   Depositions and all other discovery shall be <u>completed</u> by __July 17, 2002__. **Note**: Running from the date this order is issued: **Plaintiff(s) must name expert witnesses by the 30th day. Deposition of these experts must be completed by the 60th day. Defendant(s) must name experts by the 90th day. Deposition of defense experts must be completed by the 120th day,** *i.e*, **the close of discovery.**

   Motions to compel are not initially filed with the Court but are served under Local Rule 104. The Court will <u>not</u> consider or resolve any discovery disputes other than those properly before it in accordance with Local Rule 104.

   If problems develop with reference to discovery as to some issues in the case, discovery on other issues should nevertheless proceed on schedule. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery schedule.

### II. THIRD-PARTY CLAIMS

   Any third-party claims, counterclaims and cross-claims shall be filed by __April 26, 2002__.

### III. STATUS REPORT

   The parties shall file in chambers by __July 17, 2002__ a status report covering the following matters:

   1. Whether or not discovery has been completed;
   2. Whether or not any motions are pending;
   3. Whether or not any party intends to file motions;

4. Whether the case is to be tried jury or non-jury and the anticipated length of trial;
5. A certification that the parties have met to conduct serious settlement negotiations and have discussed consensual reference of this case to a United States Magistrate Judge pursuant to 28 U.S.C. §636(c); and the date, time and place of the meeting and the names of all persons participating therein;
6. Any other matter which any party believes should be brought to the Court's attention.

### IV. MOTIONS

All motions shall be filed on or before __August 16, 2002__. After motions and responses thereto have been filed, the Court will advise the parties if a hearing is to be scheduled. Any party who opposes a <u>summary</u> judgment motion must submit, with such opposition, a concise list of the material facts he or she contends are in genuine dispute, with a specific reference for <u>each</u> such fact to that part of the materials submitted by such party under Fed. R. Civ. P. 56(e) generating a genuine dispute as to that fact.

**MOTIONS <u>IN LIMINE</u> ARE NOT SUBJECT TO THE DEADLINE IN THE PRECEDING PARAGRAPH, BUT MUST BE FILED NOT LATER THAN <u>SIX</u> WEEKS PRIOR TO THE SCHEDULED COMMENCEMENT DATE OF TRIAL.**

### V. PRETRIAL CONFERENCES

A pretrial conference will be set after settlement negotiations have been concluded and the Court rules on any pending dispositive motions.

### VI. CHANGES IN SCHEDULE

No changes in the schedules set forth herein will be permitted, unless authorized by the Court for good cause shown. Any such requests, either stipulated or <u>ex parte</u>, must be by motion and filed with the Clerk. No letters directed to Chambers will be effective to change this schedule, except for an initial letter request made not more than 10 days from the date hereof.

_____
Frederic N. Smalkin
Chief U.S. District Judge

Dated: __January 17, 2002__

- 2 -